# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **DAVID CROCKETT**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CASTLE MANAGEMENT, LLC**, d/b/a OLE AT LELY RESORT, a Florida limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:25-cv-1064<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action for unpaid tip compensation, unlawful retaliation, unpaid wages, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA") and Florida common law.

### PARTIES

2. The Plaintiff is an individual and resident of Florida who at all material times worked in Collier County, Florida and at all times had

1

enterprise and individual coverage under the FLSA during his employment with Defendant. Plaintiff was employed by the Defendant in Naples, Collier County, Florida. At all material times, Plaintiff was employed by the Defendant as a server/bartender. Plaintiff performed work for the Defendant in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. Plaintiff was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida. While performing services for Defendant, Plaintiff was engaged in interstate commerce, including handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce, such as received and handled goods or materials from out-of-state sources, served interstate customers with products from out-of-state, and processing payments from the use of interstate wires or other modes of commerce. A great number of the customers Plaintiff served were residents of other states who visit Florida on only a seasonal basis or on vacation. Plaintiff continued the flow of interstate commerce by, *inter alia*, generating and processing billing, which collected funds from out-of-state sources and banks and catering to seasonal visitors from out-of-state.

3.     Defendant CASTLE MANAGEMENT, LLC is a Florida limited liability company that operates bars, restaurants and clubhouses (inter alia)

on behalf of private residential communities and has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). Defendant operates a bar/restaurant facility d/b/a Ole at Lely Resort in Collier County, Florida. Defendant's employees are engaged in interstate commerce and their business model specifically involves interstate purchases and handling goods such as food and beverage provisions and equipment that are from out-of-state suppliers. Defendant collects monies, most of which is from out-of-state financial institutions. Defendant has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. Defendant supervised and controlled Plaintiff's work schedules and conditions of employment. Defendant maintains employment records of Plaintiff. Defendant's employees are engaged in interstate commerce as at least two of Defendant's employees handled, sold, otherwise worked on goods or materials that have been moved in or produced for commerce. Plaintiff was engaged in interstate commerce because Plaintiff (and at least two employees of the Defendant) handled goods that were moving in interstate commerce, handled and processed credit card and banking transactions and unloaded goods which came from an out of state supplier.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since the action accrued in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. Defendant CASTLE MANAGEMENT, LLC operates a bar/restaurant d/b/a Ole at Lely Resort in Naples, Collier County, Florida, and employed Plaintiff.

7. Plaintiff began his employment as a server/bartender with Ole at Lely Resort on or about March 14, 2014; Defendant, CASTLE MANAGEMENT, LLC became the new employer in August 2024.

8. A large part of Plaintiff's pay was in the form of tips from customers. Plaintiff's hourly rate was $14.00 per hour.

9. Under 29 U.S.C. 203(m)(2)(B), "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

10. However, throughout his employment as a server/bartender with Defendant, and particularly during the months preceding his termination in 2025, Plaintiff was subjected to an unfair and unlawful tip distribution policy whereby Plaintiff was required to share his tips with non-tipped employees in amounts that violated the FLSA.

11. Specifically, Defendant implemented a tip distribution policy whereby the food runner received 20% of Plaintiff's tips, and the service bartender received 50% of whatever tips remained after the food runner's share was deducted. This policy left Plaintiff with only a fraction of the tips that customers intended for him and that he had earned through his service.

12. When Plaintiff complained about this unlawful tip distribution policy to his Food & Beverage manager and Bar Manager on or about October 15, 2025, he was told by management, "Well, this is the way Julie, the GM, wants it done."

13. This tip distribution policy had been in effect for months prior to Plaintiff's complaint and caused Plaintiff to lose substantial compensation to which he was legally entitled.

14. As a result of the above, Defendant violated 29 U.S.C. 203(m)(2)(B).

15. Because of the intentional withholding of servers' tips, Defendant willfully engaged in practices that denied servers/bartenders—including Plaintiff—of their tips that are guaranteed under the FLSA.

16. As a result, Plaintiff brings this action against Defendant for legal relief to redress unlawful violations of rights under the FLSA, to remedy violations of the wage provisions of the FLSA by Defendant, which have deprived Plaintiff of his lawful wages.

**Retaliation Against the Plaintiff**

17. Plaintiff lodged his complaint to Defendant's managers about these violations on or about October 15, 2025. During this meeting, Plaintiff raised his voice in frustration but did not act aggressively.

18. Following his complaint on Wednesday, October 15, 2025, Plaintiff was told not to come into work on Thursday morning, October 16, 2025, at 10:30 A.M. when he was due in at 11:00 A.M. Later that Thursday, he was told not to report to work until he was contacted by Human Resources.

19. Plaintiff did not hear from Human Resources until Monday, October 20, 2025. Plaintiff did not respond immediately. On Tuesday, October 21, 2025, Human Resources contacted Plaintiff again to set up a teleconference with H.R. on October 22, 2025, and during that conversation, Defendant

terminated Plaintiff's employment, citing that he was being let go for "being aggressive and shouting."

20. The stated reason for Plaintiff's termination was pretextual. Plaintiff had worked for Defendant for over eleven years, from March 14, 2014 through October 22, 2025. While Plaintiff received one written warning on July 30, 2025, approximately one month after that warning, his supervisor told him what a great job he was doing and gave him a raise. Plaintiff also received employee of the month recognition and Christmas bonuses during his tenure.

21. Defendant terminated Plaintiff's employment as a direct result of his complaints about the unlawful tip distribution policy, in retaliation for exercising his rights under the FLSA.

## **COUNT I: FAILURE TO PAY TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. 203(m)(2)(B)**

22. Plaintiff reincorporates and re-alleges paragraphs 1 through 16 as though set forth fully herein and further alleges as follows:

23. Defendant required Plaintiff to share tips with non-tipped employees and/or to share tips in amounts that violated the FLSA's tip pooling requirements, specifically by requiring Plaintiff to give 20% of his tips to the food runner and 50% of the remaining tips to the bartender, leaving Plaintiff with an unlawfully reduced portion of tips earned.

24. By failing to pay Plaintiff all tips to which he was legally entitled, Defendant has violated 29 U.S.C. 203(m)(2)(B).

25. As a direct and proximate result of the foregoing, Plaintiff has been damaged for multiple weeks and months of work with Defendant, particularly during the period when the unlawful tip distribution policy was in effect.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant as follows:

   i. Award to Plaintiff for payment of all unlawfully withheld tips;
   ii. Award to Plaintiff liquidated damages equal to the payment of tips or, if liquidated damages are not awarded, then prejudgment interest;
   iii. Award to Plaintiff reasonable attorneys' fees and costs; and
   iv. Award such other and further relief as this Court may deem just and proper.

### COUNT II - FLSA RETALIATION

26. Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

27. At all material times, Plaintiff was an employee, and Defendant was his employer.

28. Plaintiff believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that Defendant was

violating the FLSA by implementing an unlawful tip distribution policy that deprived him of tips to which he was legally entitled.

29. Defendant was aware of Plaintiff's objection to Defendant's violations of the FLSA, as Plaintiff expressly complained to management on or about October 15, 2025.

30. Defendant subjected Plaintiff to adverse employment action—a discharge—within one week following his statutorily protected conduct.

31. Defendant, in subjecting Plaintiff to adverse employment action, retaliated and discriminated against him because of his complaints, objections and concerns raised to Defendant regarding the unlawful tip distribution policy.

32. The temporal proximity between Plaintiff's protected complaint on October 15, 2025 and his termination on October 22, 2025—just seven days later—establishes a causal connection between the protected activity and the adverse employment action.

33. The stated reason for Plaintiff's termination—that he was "aggressive and shouting"—was pretextual, as evidenced by Plaintiff's over eleven years of employment, his recent raise and positive feedback, and his receipt of bonuses and employee of the month recognition.

34. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, Plaintiff has lost the benefits

9

and privileges of his employment and has been substantially and significantly injured in his career and earning capacity.

35. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, Plaintiff is entitled to all relief necessary to make him whole.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had Plaintiff maintained his position with Defendant, plus interest, including but not limited to lost salary, tips, and bonuses;

ii. Liquidated damages;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages; and

vii. Such other relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff demands a trial by jury as to all issues triable as of right.

                                  Respectfully submitted,

Dated: November 20, 2025    **/s/ Benjamin H. Yormak**
                                        Benjamin H. Yormak
                                        Florida Bar Number 71272
                                        Lead Counsel for Plaintiff
                                        Yormak Employment & Disability Law
                                        27200 Riverview Center Blvd., Suite 109
                                        Bonita Springs, Florida 34134
                                        Telephone: (239) 985-9691
                                        Fax: (239) 288-2534
                                        Email: byormak@yormaklaw.com